A90A2326. HARRIS v. THE STATE.
(399 SE2d 264)

DEEN, Presiding Judge.

Appellant Harris was indicted and tried on a murder charge involving shooting another person to death. An Oglethorpe County jury

found him guilty of voluntary manslaughter. After denial of his motion for new trial, he has appealed to this court, enumerating as error the trial court's denial of his motion for new trial on two grounds: the State's alleged failure (1) to prove criminal intent and (2) to prove the unlawfulness of his acts. *Held*:

Appellant was drinking beer and shooting pool in a neighborhood pub with several persons, including the victim, whose identity appellant claimed not to have known. Both the victim and the appellant sought rides home from a third person, apparently a mutual friend. According to appellant, this person obliged and let both men out at appellant's home, the victim having asked to use appellant's telephone. Appellant further testified that he led the victim into the house and showed him the location of the telephone, and then went into the bathroom, from whence he proceeded directly into his own room, where he "checked" for signs of trespassing and then pocketed the revolver which he had allegedly been cleaning and had left on a table.

Appellant Harris testified that as he was starting to enter an adjacent bed-sitting room, the victim suddenly lunged at him, shouting, "I'm going to kill you!" Appellant testified that the victim snatched a chain from his neck and attempted to throttle him, but that he managed to get off a shot at the alleged assailant. He further testified that he then continued shooting until the revolver was empty — a total of four shots.

After the victim fell to the floor, appellant testified, he called local law enforcement officers and told them that he had shot a man. On their arrival, Harris was read his *Miranda* rights, indicated that he understood them, and answered questions freely. Harris was transported to the sheriff's office, where he again was read his *Miranda* rights and answered further questions.

One of the law enforcement officers involved in the case testified at trial that he had been troubled by certain discrepancies between Harris' statements and the physical evidence (e.g., the bullets' trajectories, the contents of the victim's stomach when considered in conjunction with food found in the house, the fact that the necklace allegedly torn from appellant's throat was found intact, lying on a table). This officer then questioned Harris further, according to the trial transcript, and was not satisfied with Harris' efforts at reconciling or discounting these discrepancies.

The evidence, when construed in favor of the verdict, authorized a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1990.

*Floyd W. Keeble, Jr.*, for appellant.
*Lindsay A. Tise, Jr.*, District Attorney, *John H. Bailey, Jr.*, Assistant District Attorney, for appellee.